UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No. 1:09CR0149 |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Filed: |
| | ) | |
| ARCTIC GLACIER | ) | |
| INTERNATIONAL INC. | ) | Violation: 15 U.S.C. § 1 |
| | ) | |
| Defendant. | ) | |

## PLEA AGREEMENT

The United States of America and Arctic Glacier International Inc.,

("defendant"), a corporation organized and existing under the laws of the

state of Delaware, and with its principal place of business in St. Paul,

Minnesota, hereby enter into the following Plea Agreement pursuant to

Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure ("Fed. R. Crim.

P."):

## RIGHTS OF DEFENDANT

1.      The defendant understands its rights:

(a)      to be represented by an attorney;

(b)      to be charged by Indictment;

(c)      as a corporation organized and existing under the laws

of Delaware, to decline to accept service of the Summons

in this case, and to contest the jurisdiction of the United
States to prosecute this case against it in the United
States District Court for the Southern District of Ohio;

(d)    to plead not guilty to any criminal charge brought
against it;

(e)    to have a trial by jury, at which it would be presumed
not guilty of the charge and the United States would
have to prove every essential element of the charged
offense beyond a reasonable doubt for it to be found
guilty;

(f)    to confront and cross-examine witnesses against it and
to subpoena witnesses in its defense at trial;

(g)    to appeal its conviction if it is found guilty; and

(h)    to appeal the imposition of sentence against it.

## AGREEMENT TO PLEAD GUILTY
## AND WAIVE CERTAIN RIGHTS

2.    The defendant knowingly and voluntarily waives the rights set
out in Paragraph 1(b)-(g) above. The defendant also knowingly and
voluntarily waives the right to file any appeal, any collateral attack, or any
other writ or motion, including but not limited to an appeal under 18 U.S.C.
§ 3742, that challenges the sentence imposed by the Court if that sentence
is consistent with or below the applicable guidelines range in Paragraph 8

2

of this Plea Agreement, regardless of how the sentence is determined by the Court. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742. Nothing in this paragraph, however, shall act as a bar to the defendant perfecting any legal remedies it may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel or prosecutorial misconduct. The defendant agrees that there is currently no known evidence of ineffective assistance of counsel or prosecutorial misconduct. Pursuant to Fed. R. Crim. P. 7(b), the defendant will waive Indictment and plead guilty at arraignment to a one-count Information to be filed in the United States District Court for the Southern District of Ohio. The Information will charge the defendant with participating in a conspiracy to suppress and eliminate competition by agreeing with one or more other packaged ice manufacturers to allocate customers in southeastern Michigan and the Detroit, Michigan metropolitan area, beginning January 1, 2001, and continuing until at least July 17, 2007, in violation of the Sherman Antitrust Act, 15 U.S.C. § 1.

3.      The defendant, pursuant to the terms of this Plea Agreement, will plead guilty to the criminal charge described in Paragraph 2 above and will make a factual admission of guilt to the Court in accordance with Fed. R. Crim. P. 11, as set forth in Paragraph 4 below.

FACTUAL BASIS FOR OFFENSE CHARGED

4.      Had this case gone to trial, the United States would have

presented evidence sufficient to prove the following facts:

(a)      For purposes of this Plea Agreement, the "relevant

period" is that period beginning January 1, 2001 and

continuing until at least July 17, 2007.  During the

relevant period, the defendant was a corporation

organized and existing under the laws of Delaware.

During the relevant period, the defendant acquired

various packaged ice manufacturers, doing business in

Michigan.  During the relevant period, the defendant,

through its parent and subsidiary corporations

(collectively, "Arctic Glacier"), was a producer of

packaged ice in multiple states and was engaged in the

sale of packaged ice.  Packaged ice is marketed for

human consumption and is sold in blocks and various

bag sizes.  During the relevant period, the defendant's

Michigan subsidiaries employed more than 200 full time

equivalent employees, but less than 1000.  During the

relevant period, Arctic Glacier sales of packaged ice

affected by the conspiracy totaled $50.7 million.

4

(b)  During the relevant period, the defendant, through
certain of its executives and employees of its subsidiary
corporations and its predecessor company acquired in
December 2004, participated in a conspiracy to allocate
customers of packaged ice sold in southeastern Michigan
and the Detroit, Michigan metropolitan area.  In
furtherance of the conspiratorial activity, the defendant,
through certain of its executives and employees of its
subsidiary corporations and predecessor company
acquired in December 2004, engaged in discussions and
attended meetings with representatives of one or more
other packaged ice producers.  During these discussions
and meetings, agreements were reached to allocate
customers of packaged ice in southeastern Michigan and
the Detroit, Michigan metropolitan area.

(c)  During the relevant period, packaged ice was sold by one
or more of the conspirator firms, and equipment and
supplies necessary to the production and distribution of
packaged ice, as well as payments for packaged ice,
traveled in interstate commerce.  The business activities
of Arctic Glacier and its co-conspirator in connection
with the production and sale of packaged ice affected by

5

this conspiracy were within the flow of, and substantially affected, interstate trade and commerce.

(d)    Acts in furtherance of this conspiracy were carried out within the Southern District of Ohio, Western Division. At least one of the conspiratorial meetings or discussions described above took place in Cincinnati, Ohio, which is located within the Southern District of Ohio.

## POSSIBLE MAXIMUM SENTENCE

5.    The defendant understands that the statutory maximum penalty which may be imposed against it upon conviction for a violation of Section One of the Sherman Antitrust Act is a fine in an amount equal to the greatest of:

(a)    $100 million (15 U.S.C. § 1);

(b)    twice the gross pecuniary gain the conspirators derived from the crime (18 U.S.C. § 3571(c) and (d)); or

(c)    twice the gross pecuniary loss caused to the victims of the crime by the conspirators (18 U.S.C. § 3571(c) and (d)).

6.    In addition, the defendant understands that:

(a)    pursuant to 18 U.S.C. § 3561(c)(1), the Court may impose a term of probation of at least one year, but not more than five years;

6

(b)     pursuant to §8B1.1 of the United States Sentencing
        Guidelines ("U.S.S.G.," "Sentencing Guidelines," or
        "Guidelines") or 18 U.S.C. §§ 3563(b)(2) or 3663(a)(3),
        the Court may order it to pay restitution to the victims
        of the offense; and

(c)     pursuant to 18 U.S.C. § 3013(a)(2)(B), the Court is
        required to order the defendant to pay a $400 special
        assessment upon conviction for the charged crime.

## SENTENCING GUIDELINES

7.     The defendant understands that the Sentencing Guidelines are
advisory, not mandatory, but that the Court must consider the Guidelines
in effect on the day of sentencing, along with the other factors set forth in 18
U.S.C. § 3553(a), in determining and imposing sentence.  The defendant
understands that the Guidelines determinations will be made by the Court
by a preponderance of the evidence standard.  The defendant understands
that although the Court is not ultimately bound to impose a sentence within
the applicable Guidelines range, its sentence must be reasonable based
upon consideration of all relevant sentencing factors set forth in 18 U.S.C.
§ 3553(a).  Pursuant to U.S.S.G. §1B1.8, the United States agrees that
self-incriminating information that the defendant provides to the United
States pursuant to this Plea Agreement will not be used to increase the
volume of affected commerce attributable to the defendant or in determining

the defendant's applicable Guidelines range, except to the extent provided in U.S.S.G. §1B1.8(b).

<u>SENTENCING AGREEMENT</u>

8.     Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant agree that the appropriate disposition of this case is, and agree to recommend jointly that the Court impose, a sentence requiring the defendant to pay the United States a criminal fine of $9 million payable in installments as set forth below with interest accruing under 18 U.S.C. § 3612(f)(1)-(2).

(a)     The defendant understands that the Court will order it to pay a $400 special assessment, pursuant to 18 U.S.C. § 3013(a)(2)(B), in addition to any fine imposed;

(b)     the United States and defendant agree to recommend, in the interest of justice pursuant to 18 U.S.C. § 3572(d)(1) and U.S.S.G. § 8C3.2(b), that the fine be paid in the following installments: within thirty (30) days of imposition of sentence – $1 million (plus any accrued interest); at the one-year anniversary of imposition of sentence ("anniversary") – $1 million (plus any accrued interest); at the two-year anniversary – $1.5 million (plus any accrued interest); at the three-year anniversary – $1.5 million (plus any accrued interest); at

8

the four-year anniversary – $1.5 million (plus any

accrued interest); and at the five-year anniversary $2.5

million (plus any accrued interest); provided, however,

that the defendant shall have the option at any time

before the five-year anniversary of prepaying any part of

the remaining balance (plus any accrued interest) then

owing on the fine.

9.    The parties agree that they are not aware at this time of any

aggravating or mitigating circumstance of a kind, or to a degree, not

adequately taken into consideration by the U.S. Sentencing Commission in

formulating the Sentencing Guidelines justifying a departure pursuant to

U.S.S.G. §5K2.0. The parties agree not to seek or support any sentence

outside of the Guidelines range nor any Guidelines adjustment for any

reason that is not set forth in this Plea Agreement.

10.    The United States and the defendant agree that the applicable

Guidelines fine range exceeds the fine contained in the recommended

sentence set out in Paragraph 8 above. Subject to the full and continuing

cooperation of the defendant, as described in Paragraph 14 of this Plea

Agreement, and prior to sentencing in this case, the United States agrees

that it will make a motion, pursuant to U.S.S.G. §8C4.1, for a downward

departure from the Guidelines fine range and will request that the Court

impose the recommended sentence set out in Paragraph 8 of this Plea

Agreement because of the defendant's substantial assistance in the government's investigation and prosecution of violations of federal criminal law in the packaged ice industry.

11.    Subject to the ongoing, full, and truthful cooperation of the defendant described in Paragraph 14 of this Plea Agreement, and before sentencing in the case, the United States will fully advise the Court and the Probation Office of the fact, manner, and extent of the defendant's cooperation and its commitment to prospective cooperation with the United States' investigation and prosecutions, all material facts relating to the defendant's involvement in the charged offense, and all other relevant conduct.

12.    The United States and the defendant understand that the Court retains complete discretion to accept or reject the recommended sentence.

(a)    If the Court does not accept the recommended sentence, the United States and the defendant agree that this Plea Agreement, except for Paragraph 12(b) below, shall be rendered void.

(b)    If the Court does not accept the recommended sentence, the defendant will be free to withdraw its guilty plea (Fed. R. Crim. P. 11(c)(5) and (d)). If the defendant withdraws its plea of guilty, this Plea Agreement, the

10

guilty plea, and any statement made in the course of any proceedings under Fed. R. Crim. P. 11 regarding the guilty plea or this Plea Agreement or made in the course of plea discussions with an attorney for the government shall not be admissible against the defendant in any criminal or civil proceeding, except as otherwise provided in Fed. R. Evid. 410. In addition, the defendant agrees that, if it withdraws its guilty plea pursuant to this subparagraph of the Plea Agreement, the statute of limitations period for any offense referred to in Paragraph 16 of this Plea Agreement shall be tolled for the period between the date of the signing of the Plea Agreement and the date the defendant withdrew its guilty plea or for a period of sixty (60) days after the date of the signing of the Plea Agreement, whichever period is greater.

13.    In light of the availability of civil causes of action available pursuant to 15 U.S.C. § 15, the United States agrees that it will not seek a restitution order for the offense charged in the Information.

11

<u>DEFENDANT'S COOPERATION</u>

14.    Arctic Glacier will cooperate fully and truthfully with the United States in the prosecution of this case, the conduct of the current federal investigation of violations of federal antitrust and related criminal laws involving the sale of packaged ice in the United States, any other federal investigation resulting therefrom, and any litigation or other proceedings arising or resulting from any such investigation to which the United States is a party ("Federal Proceeding").  The ongoing, full, and truthful cooperation of Arctic Glacier shall include, but not be limited to:

    (a)    producing to the United States all non-privileged documents, information, and other materials wherever located, in the possession, custody, or control of Arctic Glacier, requested by the United States in connection with any Federal Proceeding;

    (b)    using its best efforts to secure the ongoing, full, and truthful cooperation, as defined in Paragraph 15 of this Plea Agreement, of its current and former directors, officers, and employees of Arctic Glacier as may be requested by the United States, but excluding Keith E. Corbin, Gary D. Cooley, and Frank G. Larson, including making these persons available in the United States and

12

at other mutually agreed-upon locations, at the
defendant's expense, for interviews and the provision of
testimony in grand jury, trial, and other judicial
proceedings in connection with any Federal Proceeding.

15.     The ongoing, full, and truthful cooperation of each person
described in Paragraph 14(b) above will be subject to the procedures and
protections of this paragraph, and shall include, but not be limited to:

(a)     producing all non-privileged documents, including
claimed personal documents, and other materials,
wherever located, requested by attorneys and agents of
the United States;

(b)     making himself or herself available for interviews, not at
the expense of the United States, upon the request of
attorneys and agents of the United States;

(c)     responding fully and truthfully to all inquiries of the
United States in connection with any Federal
Proceeding, without falsely implicating any person or
intentionally withholding any information, subject to the
penalties of making false statements (18 U.S.C. § 1001)
and obstruction of justice (18 U.S.C. § 1503, *et seq.*);

(d)     otherwise voluntarily providing the United States with
any non-privileged material or information not

13

requested in (a) - (c) of this paragraph that he or she

may have that is related to any Federal Proceeding;

(e)   when called upon to do so by the United States in

connection with any Federal Proceeding, testifying in

grand jury, trial, and other judicial proceedings fully,

truthfully, and under oath, subject to the penalties of

perjury (18 U.S.C. § 1621), making false statements or

declarations in grand jury or court proceedings (18

U.S.C. § 1623), contempt (18 U.S.C. §§ 401-402), and

obstruction of justice (18 U.S.C. § 1503, *et seq.*); and

(f)   agreeing that, if the agreement not to prosecute him or

her in this Plea Agreement is rendered void under

Paragraph 17(c), the statute of limitations period for

any Relevant Offense as defined in Paragraph 15(a) will

be tolled as to him or her for the period between the date

of the signing of this Plea Agreement and six (6) months

after the date that the United States gave notice of its

intent to void its obligations to that person under the

Plea Agreement

## GOVERNMENT'S AGREEMENT

16.   Upon acceptance of the guilty plea called for by this Plea

Agreement, and subject to the cooperation requirements of Paragraph 14 of

this Plea Agreement, the United States agrees that it will not bring further criminal charges against Arctic Glacier for any act or offense committed before the date of this Plea Agreement that was undertaken in furtherance of an attempted or completed antitrust conspiracy involving the sale of packaged ice in the United States or undertaken in connection with any investigation of such a conspiracy. The non-prosecution terms of this paragraph do not apply to civil matters of any kind, to any violation of the federal tax or securities laws, or to any crime of violence.

17.    The United States agrees to the following:

(a)    Upon the Court's acceptance of the guilty plea called for by this Plea Agreement and the imposition of its sentence and subject to the exceptions noted in Paragraph 15(c), the United States will not bring criminal charges against any current or former director, officer, or employee of Arctic Glacier for any act or offense committed before the date of this Plea Agreement and while that person was acting as a director, officer, or employee of Arctic Glacier that was undertaken in furtherance of an antitrust conspiracy involving the sale of packaged ice in the United States or undertaken in connection with any investigation of such a conspiracy ("Relevant Offense"), except that the

15

protections in this paragraph shall not apply to Keith E. Corbin, Gary D. Cooley, and Frank G. Larson;

(b)   Should the United States determine that any current or former director, officer, or employee of Arctic Glacier may have information relevant to any Federal Proceeding, the United States may request that person's cooperation under the terms of this Plea Agreement by written request delivered to counsel for the individual (with a copy to the undersigned counsel for the defendant) or, if the individual is not known by the United States to be represented, to the undersigned counsel for the defendant;

(c)   If any person requested to provide cooperation under Paragraph 14(b) fails to comply with the obligations under Paragraph 15, then the terms of this Plea Agreement as they pertain to that person, and the agreement not to prosecute that person granted in this Plea Agreement, shall be rendered void;

(d)   Except as provided in Paragraph 16(e), information provided by a person described in Paragraph 16(b) to the United States under the terms of this Plea Agreement pertaining to any Relevant Offense, or any information

16

directly or indirectly derived from that information, may

not be used against that person in a criminal case,

except in a prosecution for perjury (18 U.S.C. § 1621),

making a false statement or declaration (18 U.S.C. §§

1001, 1623), or obstruction of justice (18 U.S.C. § 1503,

*et seq.*);

(e)    If any person who provides information to the United

States under this Plea Agreement fails to comply fully

with the obligations under Paragraph 15 of this Plea

Agreement, the agreement in Paragraph 16(d) not to use

that information or any information directly or

indirectly derived from it against that person in a

criminal case shall be rendered void;

(f)    The non-prosecution terms of this paragraph do not

apply to civil matters of any kind, to any violation of the

federal tax or securities laws, or to any crime of violence;

and

(g)    Documents provided under Paragraphs 14(a) and 15(a)

shall be deemed responsive to outstanding grand jury

subpoenas issued to the defendant.

18.    The United States agrees that when any person travels to the

United States for interviews, grand jury appearances, or court appearances

pursuant to this Plea Agreement, or for meetings with counsel in preparation therefor, the United States will take no action, based upon any Relevant Offense, to subject such person to arrest, detention, or service of process, or to prevent such person from departing the United States. This paragraph does not apply to an individual's commission of perjury (18 U.S.C. § 1621), making false statements (18 U.S.C. § 1001), making false statements or declarations in grand jury or court proceedings (18 U.S.C. § 1623), obstruction of justice (18 U.S.C. § 1503, *et seq.*), or contempt (18 U.S.C. §§ 401-402) in connection with any testimony or information provided or requested in any Federal Proceeding.

19.    The defendant understands that it may be subject to administrative action by federal or state agencies other than the United States Department of Justice, Antitrust Division, based upon the conviction resulting from this Plea Agreement, and that this Plea Agreement in no way controls whatever action, if any, other agencies may take. However, the United States agrees that, if requested, it will advise the appropriate officials of any governmental agency considering such administrative action of the fact, manner, and extent of the cooperation of Arctic Glacier as a matter for that agency to consider before determining what administrative action, if any, to take.

## REPRESENTATION BY COUNSEL

20.    The defendant has been represented by counsel and is fully satisfied that its attorneys have provided competent legal representation. The defendant has thoroughly reviewed this Plea Agreement and acknowledges that counsel has advised it of the nature of the charge, any possible defenses to the charge, and the nature and range of possible sentences.

## VOLUNTARY PLEA

21.    The defendant's decision to enter into this Plea Agreement and to tender a plea of guilty is freely and voluntarily made and is not the result of force, threats, assurances, promises, or representations other than the representations contained in this Plea Agreement. The United States has made no promises or representations to the defendant as to whether the Court will accept or reject the recommendations contained within this Plea Agreement.

## VIOLATION OF PLEA AGREEMENT

22.    The defendant agrees that, should the United States determine in good faith, during the period that any Federal Proceeding is pending, that Arctic Glacier has failed to provide full and truthful cooperation, as described in Paragraph 14 of this Plea Agreement, or has otherwise violated any provision of this Plea Agreement, the United States will notify counsel for the defendant in writing by personal or overnight delivery or facsimile

19

transmission and may also notify counsel by telephone of its intention to void any of its obligations under this Plea Agreement (except its obligations under this paragraph), and Arctic Glacier shall be subject to prosecution for any federal crime of which the United States has knowledge including, but not limited to, the substantive offenses relating to the investigation resulting in this Plea Agreement. The defendant agrees that, in the event that the United States is released from its obligations under this Plea Agreement and brings criminal charges against Arctic Glacier for any offense referred to in Paragraph 14 of this Plea Agreement, the statute of limitations period for such offense will be tolled for the period between the date of the signing of this Plea Agreement and six (6) months after the date the United States gave notice of its intent to void its obligations under this Plea Agreement.

23.    The defendant understands and agrees that in any further prosecution of it resulting from the release of the United States from its obligations under this Plea Agreement, because of Arctic Glacier's violation of the Plea Agreement, any document, statement, information, testimony, or evidence provided by it or any individual identified by the United States pursuant to paragraphs 14(b) or 15(b) to attorneys or agents of the United States, federal grand juries, or courts, and any leads derived therefrom, may be used against it in any such further prosecution. In addition, Arctic Glacier unconditionally waives its right to challenge the use of such

20

evidence in any such further prosecution, notwithstanding the protections of Fed. R. Evid. 408 and Fed. R. Evid. 410.

## ENTIRETY OF AGREEMENT

24.     This Plea Agreement constitutes the entire agreement between the United States and the defendant concerning the disposition of the criminal charge in this case.  This Plea Agreement cannot be modified except in writing, signed by the United States and the defendant.

25.     The undersigned is authorized to enter this Plea Agreement on behalf of the defendant as evidenced by the Resolution of the Board of Directors of the defendant attached to, and incorporated by reference in, this Plea Agreement.

26.   The undersigned attorneys for the United States have been authorized by the Attorney General of the United States to enter this Plea Agreement on behalf of the United States.

Dated: _____

Respectfully submitted,

BY: _____
HUGH A. ADAMS, ESQ.
Corporate Secretary
Arctic Glacier International Inc.

_____
JOHN M. MAJORAS, ESQ.
[OH 0036780]
Jones Day
51 Louisiana Avenue, N.W.
Washington, DC 20001-2113
Telephone: 202-879-7652
E-mail: jmmajoras@JonesDay.com
Counsel for ARCTIC GLACIER
INTERNATIONAL INC.

_____
KEVIN C. CULUM
[3460- MT]

DONALD M. LYON
[WA 19207]

MACHELLE L. JINDRA
[OH 0082066]

Attorneys
U.S. Department of Justice
Antitrust Division
Carl B. Stokes U.S. Court House
801 W. Superior Ave., 14th Floor
Cleveland, OH 44113-1857
Telephone: 216-687-8415
Fax: 216-687-8423
E-mail: kevin.culum@usdoj.gov

22